IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL ADAMS,

                         Petitioner,

   v.                                                      OPINION and ORDER

LIZI TEGELS,                                            18-cv-947-jdp

                         Respondent.

---

Pro se petitioner Paul Adams, a state inmate confined at Jackson Correctional Institution, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction entered in the Circuit Court for Waukesha County, Wisconsin. On March 2, 2009, he pleaded no contest to a charge of operating a vehicle while under the influence of an intoxicant (OWI) in violation of Wis. Stat. § 346.63(1)(a). He now challenges that conviction on four grounds: (1) he did not make a knowing and intelligent plea; (2) the state failed to disclose potentially exculpatory surveillance footage; (3) his trial-court counsel was ineffective; and (4) actual innocence.

Adams has paid the $5 filing fee, and the case is now before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Because Adams is appearing pro se, I must read the allegations generously, reviewing them under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Having reviewed Adams's petition with this principle in mind, I conclude that it must be dismissed because it seeks to challenge a

conviction for which Adams is no longer in custody for purposes of § 2254, and because it is untimely.

ALLEGATIONS OF FACT

The following facts are drawn from the petition and state court records, which Adams attaches to his petition, as well as publicly available records.

On September 8, 2008, Adams was arrested at a Pick 'n Save store in Waukesha, Wisconsin after he allegedly parked his car in the fire lane, entered the store, and attempted to steal a bottle of liquor. He was charged in Waukesha County Circuit Court Case No. 08-CF-992 with operating while intoxicated (fifth or sixth), operating with a prohibited alcohol concentration (fifth or sixth), and retail theft.

On March 2, 2009, the day before the scheduled trial, Adams's lawyer, Ronald Sonderhouse, withdrew Adams's speedy-trial request and requested that the court hold a plea hearing and sentencing in "about a month" because Adams had "quite a bit of documentation . . . to present to the Court for sentencing consideration." Dkt. 1-6, at 52. The judge denied the request, explaining that he was "not inclined to adjourn the trial . . . in anticipation of a plea." *Id.* at 53. Sonderhouse asked for and was granted a brief recess to confer with Adams, after which Adams entered a plea of no contest to the OWI charge in exchange for dismissal of the remaining charges.

On March 30, 2009, Adams was sentenced to five years in the state prison system—two years of initial confinement and three years of extended supervision. Judgment was entered on March 31. Adams did not pursue a direct appeal of his conviction. The Wisconsin "Offender

Locator" website indicates that he was released on extended supervision in March of 2010, but that he was re-incarcerated on new charges a few months later. *See* https://appsdoc.wi.gov/lop/.

In December 2013, Adams was charged in Waukesha County Circuit Court Case No. 13-CF-1535 with an OWI (seventh offense)—the offense for which he is now in custody. He pleaded no contest to that charge and was sentenced to eight years in the state prison system—three years of initial confinement and five years of extended supervision. *See Adams v. Tegels*, No. 18-cv-982-JDP, Dkt. 1-1, at 6–7 (W.D. Wis. filed Nov. 28, 2018) (summarizing the procedural history of Case No. 13-CF-1535).

On July 1, 2015, Adams wrote to the Waukesha Police Department requesting a copy of the surveillance footage of the Pick 'n Save parking lot that police allegedly reviewed prior to his September 2008 arrest, presumably for the purpose of challenging the 2009 conviction. The department responded that the store had never provided a copy of the videotape and that as a result no footage of the incident existed.

On June 14, 2016, Adams filed a motion for postconviction relief under Wis. Stat. § 974.06 in Waukesha County Circuit Court, asserting five grounds for relief:

(1) The circuit court's refusal to grant a continuance and comments indicating that Adams must enter a plea at the March 2, 2009 hearing constituted judicial participation on the plea-bargaining process, in violation of Adams's right to due process;

(2) The state failed to comply with defense counsel's repeated requests for a copy of the video surveillance tape, in violation of Adams's right to due process;

(3) The plea colloquy was insufficient for the circuit court to make an independent determination that Adams understood the constitutional rights he was waiving and the elements of the charge to which he was pleading in relation to the facts of the case;

3

> (4) Trial counsel's failure to obtain the video surveillance tape prior to advising Adams to enter his no contest plea was ineffective assistance of counsel; and
>
> (5) That Adams is actually innocent of the charge to which he pleaded no contest.

*See* Dkt. 1-5, ¶¶ 24–30. He requested an evidentiary hearing and leave to withdraw his no contest plea. The circuit court denied his motion without a hearing on August 15, 2016. It concluded that his constitutional claims lacked merit, *see* Dkt. 1-1, at 2–8, and that his postconviction motion was improperly filed. *See id.* at 8–10. The court of appeals summarily affirmed the circuit court's decision on March 14, 2018, *see* Dkt. 1-2. The Wisconsin Supreme Court denied Adams's petition for review on July 10, 2018, and denied his motion for reconsideration of that denial on July 27, 2018. *See* Dkt. 1-3. Adams filed his petition in this court on November 16, 2018.

## ANALYSIS

Adams seeks a writ of habeas corpus under 28 U.S.C. § 2254. He alleges that his 2009 OWI conviction is invalid because (1) the trial judge's refusal to grant the requested continuance rendered his plea involuntary and coerced; (2) the state failed to preserve and disclose the potentially exculpatory parking-lot surveillance footage; (3) his trial counsel was ineffective because he failed to move for an order compelling the state to disclose the surveillance video, was unprepared for trial, and allowed Adams to plead no contest to a charge he was innocent of; and (4) Adams is innocent of the 2009 OWI charge. But I cannot consider the merits of these grounds for relief, both because it appears he is no longer in custody on that conviction and because Adams's petition is untimely.

As an initial matter, a petitioner must be in custody for purposes of federal habeas review to be eligible for habeas relief. The Supreme Court has held that a petitioner is not in custody for purposes of federal habeas corpus review once the challenged sentence has fully expired. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Adams's five-year sentence on the 2009 conviction presumably expired several years ago and could not have served as a basis for habeas relief when Adams filed this petition in November 2018.

Even if Adams were somehow still in custody on his 2009 conviction, his petition is untimely. Petitions brought under § 2254 are subject to a one-year statute of limitations running from certain specified dates. *See* 28 U.S.C. § 2244. The one-year limitation period begins to run from the latest of: (1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition was removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)–(D).

There is no indication that the second, third, or fourth criteria are present here, so the clock on Adams's habeas challenge to his 2009 conviction began running when the judgment of conviction in Case No. 08-CF-992 became final. After the circuit court entered judgment on March 31, 2009, Adams had 20 days to file and serve a notice of intent to pursue postconviction or postdisposition relief. Wis. Stat. § 809.30(2)(b); *see also State v. Nickel*, 2010 WI App 161, ¶ 5, 330 Wis. 2d 750, 794 N.W.2d 765 ("Nickel's deadline for pursuing a direct appeal expired twenty days after his sentencing when he failed to file a notice of intent to

pursue postconviction relief[.]"). When Adams did not appeal, his state court judgment became final on April 20, 2009. *Id.* ("[J]udgment of conviction became final when he did not challenge the conviction or the sentence within the deadlines for doing so."). This means that his deadline for filing a federal habeas action was April 20, 2010—more than nine years ago.

The expiration of Adams's one-year deadline is not necessarily fatal to his claim. An untimely petition may be salvaged if grounds exist to equitably toll, or pause, the running of the limitations period. But equitable tolling is an extraordinary remedy that is rarely granted. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). The Supreme Court has explained that "a petitioner is entitled to equitable tolling only if she shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Adams has not offered any reason to conclude that equitable tolling would be appropriate in this case, and it is hard to imagine what Adams could say that would justify his nine-year delay.

Habeas petitioners may also avoid application of the one-year time limit by arguing or an equitable exception to § 2244(d)(1) based on a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). To qualify for this narrow exception, a petitioner must persuade the district court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S 298, 329 (1995). This is a demanding standard, which only permits review in extraordinary cases. *Coleman v. Lemke*, 739 F.3d 342, 349 (7th Cir. 2014). Adams has not pointed to new evidence, or given any good reason, to believe that he has a credible claim of actual innocence. So I will deny Adams's petition.

Adams has filed three additional motions. The first is a motion seeking appointment of counsel. *See* Dkt. 2 and Dkt. 5. I may appoint counsel for a habeas petitioner if "the interests of justice so require" and the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). When deciding whether to appoint counsel, I consider (1) whether the petitioner "could obtain justice without an attorney" given the complexity of the case and the petitioner's ability; (2) whether the petitioner "could not obtain a lawyer on [his] own"; and (3) whether the petitioner would have "a reasonable chance of winning with a lawyer at [his] side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997)). I will not appoint counsel because Adams is not entitled to relief.

The other motions, which seek injunctive relief related to his medical records and legal files, Dkt. 7 and Dkt. 8, were cross-filed in his currently pending § 1983 case and denied in my order screening those claims. *See Adams v. Tegels et al.*, No. 18-cv-971, Dkt. 15, at 6–7 (Mar. 25, 2019). I need not address them separately here.

ORDER

IT IS ORDERED that:

1. Paul Adams's petition for writ of habeas corpus is DENIED.

2. Petitioner's motion for appointment of counsel, Dkt. 2 and Dkt. 5, is DENIED.

3. Petitioner's motions for injunctive relief, Dkt. 7 and Dkt. 8, are DENIED.

4. The clerk of court is directed to enter judgment in favor of respondent and close this case.


Entered April 30, 2019.

                                          BY THE COURT:

                                          /s/

                                          _____
                                          JAMES D. PETERSON
                                          District Judge