UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

PAUL ALLEN ADAMS,
                Petitioner,

V.                              Habeas;    18CV947

LIZZI TEGELS,
                Respondent.

## MOTION FOR RECONSIDERATION

On April 30, 2019 this court denyed Adams petition for writ of habeas corpus, " because it seeks to challenge a conviction for which Adams is no longer in custody for purposes of 2254, and because it is untimely.

Adams in his habeas notified the court that he is currently serving the last of three consecutive sentences. Additionally, Adams is still under supervision regarding his 5th owi conviction, and is this uncounstitutional conviction were over-turned, Adams would be intitled to all the years he has served in case 2008CF 992. Which would intitle Adams to emmidiate release.

For purposes of habeas corpus jurisdiction, prisoner that is "in custody" for one of aseries of consecutive sentences is in custody for all of those sentences even if consecutive sentences were imposed by different courts at different times. See, Foster v. Booher, 296 F3d 947.

Habeas petitioner is in custody for purposes of challenging fully expired prior conviction if he is in custody as a result of current sentence that was used to enhance his current sentence. See, Harper v. Evans, 941 F2d 1538.

Adams is actually innocent, and was denied counsel during a critical stage, sentencing, which resulted in Adams first appeal as a matter of right to be lost because counsel completly abandoned Adams during sentencing, and never advised Adams of his appellate rights. nor did counsel appraise Adams of any meritable appellate issues, nor did counsel get permission to withdraw for the representation of Adams prior to asseŁtaining whether Adams wished to appeal his conviction. See, attached appellate brief, appeal No. 2018AP2248. Adams filed a postconviction motion in the circuit court for re-sentencing, and alleged he was denied his first appeal as a matter of right because counsel completly abandon Adams appeal. Also see the state red brief/reply brief, and attached responce from Adams to the states opposition.

The circuit court and the state on appeal is claiming Adams is bared from raising being completly abandoned by counsel at sentencing and on appeal as a matter of right.

Counsels absence during sentencing stage transformed that phase of trial "into a proceeding dominated exclusively by the state" and thus failed "to subject the prosecution to meaningful adversaial testing...because the circumstances are so likely to prejudice the accused that the cost of litigating their effect in a paticular case is unjustified. See United State v. Cronic, 466 U.S 648, at 658,659,660.

Adams appealed his 5th OWI as he is innocent, and that the state district failed to **preserve** and disclose **clearly** exculpatory vide surveillance footage. Adams did attach his state brief in cheif on appeal, and attached to that brief is a police report that **clearly** proves that the police were 100% aware of the exculpory value of that video evidence of Adams innocence. Adams argumment in that state appeal was so clear and the facts of the failure to presrve, and disclose in Adams case cannot be more at point with the standard necessary to show a due process violation. See Appeal 2016AP 1666, brief attached to habeas petition.

New evidence does not mean newly discovered evidence; it just means evidence that the jury did not have before it. In a procedural-or gate way actual innocence claim, the petitioner new evidence need only establish sufficent doubt about guilt to justify a conclusion that a sentence is a miscarrage of justice, See Jones v. Calloway, 842 F3d 454(7th Cir 2016).

Adams was denied his constitutional right to counsel on first appeal as a matter of right, the circuit court never explained Adams rights to appeal, or whether Adams had meritable issues on appeal,.. (in place of the court allowing counsel to completle abandon Adams) and trial counsel never got permission to withdraw from his representation of Adams before he determined how Adams wanted to proceed on appeal as of right.

As much as the state and courts would like to "make" Adams a person expearenced in/with the law, he is far from it. Adams has much expearence with the law violating his counstitutional rights i.e., his 1st OWI was civil/uncounseled, his 2nd owi was uncounseled and his 4th OWI was uncounseled as this court did cite in its April 30, 2019 decision and order. Additionally, Adams 3rd OWI (Case 1999CF133) was uncounseled. **AND NONE OF THOSE UNCOUNSTITUTIONAL PRIOR OWI'S** were ever appealed <u>because</u> Adamns neve had counsel on his **first** appeal(s) as a matter of right.

Where I gained a l l this criminal law/legal knowledge is beyond me. Adams has had significant mental health issues for a substantial part of this life,,, as stated in the attached state appellate bfief in 2018AP2248, and the mental health records that are attached to that brief. **CURRENTLY ADAMS IS UNDERGOING CANCER** TREATMENT and mentally is dependant on an ex-law libary clerk to make these arguments. Adams tomorrow will undergo one of a minimum (0f 3) cancer procedures, which will likely completly imcapacitat Adams for an indeterminat period of time.

Adams has been making constant efforts, what he is mentally and physically capable of, for a long time to seek judicial review of this

this uncounstitutional 5th OWI conviction. Adams was told that if he appealed his conviction, that he would not receive treatment and his appellate rights would be held in absence untill after he completed his treatment. Adams has hereto attached (3) Earned Release Program (ERP) memo(s) of Agreement marked as exibits (E),(R) and (P).

Adams also wrote the Program Review Committee person, K. Buske, and asked if he appealed any convictions, would he be allowed to enter into ERP. See attached exibit (Q), and exibit (B) wherein Adams asked a Social worker on his unit the same question about his ERP ellegability.

Adams believes (now) that holding a needed treatment program over a prisoners head, and early release ... if he foregoes (or is convinced his first appeal as of right, held in absence) while he's in ERP, Is unconstitutional. Adams was lead to believe that he could appeal his conviction (in 2008 CF 992) from 2009 up to 3/28/19 when he again signed a ERP memo of agreement, that now didn't have the unconstutional provision in it as in exibits E, R and P. See attached exibit (C) a new/revised ERP memo of agreement. In 2015 See attached exibit (D) Adams wrote the public defenders seeking to appeal his (case 2008CF992) 5th OWI believing he could still appeal that case (safely) now that he was serving the 2nd

consecutive sentence. In 2012 all the way into 2013 Adams was suffering halucinations, and schizophrenic epposides caused by Interfiron, Rivarin, Lorazapam, and Ambean, all prescribed by Adams doctor while he was being treated for Hep C. See attached motion to the circuit court for re-sentencing contained in appeal brief pg AA 248, denial of counsel during critical stage. Attached to that motion are mental health records substantiating Adams incapacity to litigate or comprehend much of anything.

Lastly, Adams did write his trial counsel, Ronald Sonderhouse, several times complaining of the outcome of his conviction in case 2008CF992. Adams was sent records from Sonderhouse, in 2015, and in those records is one letter that substantiates Adams claims. See attached exibit (X).

Adams was <u>prejudiced</u> by counsels abandonment of Adams in sentencing and on direct appeal. The state cannot use tacts to trap a unwery defendant, and use tacts designed to deny a defendant his 6th amend rights to counsel, and 1st Appel as of right.

If this court still finds no merit in Adams motion to reconsider.

Adams would like to appeal this case to the 7th Circuit Court of Appeals.

Adams so prays.

May 14, 2019

Paul Adams
———————————————
Paul Allen Adams 121220
Jackson Correctional Inst.
PO Box 233
Black River Falls, WI 54615

Adams swears under the penaltys of purgery that he has place the for going into the prison's locked mail box for delivery to this court on this day.

(5 of 17)