IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAUL ADAMS,

                         Petitioner,

v.

LIZI TEGELS,

                         Respondent.

OPINION and ORDER

18-cv-947-jdp

---

Pro se petitioner Paul Adams, a state inmate confined at Chippewa Valley Correctional Treatment Facility, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2009 OWI conviction because: (1) he did not make a knowing and intelligent plea; (2) the state failed to disclose potentially exculpatory surveillance footage; (3) his trial-court counsel was ineffective; and (4) actual innocence. I denied the petition and dismissed the case after concluding that Adams was seeking to challenge a conviction for which he was no longer in custody for purposes of § 2254, and because it is untimely.

Adams now asks me to reconsider my order, Dkt. 13, which I will construe as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). He also filed a notice of appeal, Dkt. 14, and a motion for leave to proceed *in forma pauperis* on appeal, Dkt. 21.[1] Normally, the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). However, when a party files a notice of appeal while a Rule 59(e) motion

---

[1] Adams has also filed two letters regarding the effects of his cancer treatment on him. Dkt. 19 and Dkt. 22. It is unclear what relief he is seeking in these letters, and the issues they raise are not relevant to his habeas petition, so I will not address them here.

remains pending, the notice becomes effective only after the court decides the Rule 59(e) motion. *See* Fed. R. App. P. 4(a)(4)(B)(i). In this opinion, I will address Adams's motion to reconsider my prior decision along with his motion for leave to proceed *in forma pauperis* on appeal.

### A. Motion for reconsideration

To prevail on a motion for reconsideration under Rule 59, a petitioner must present newly discovered material evidence or establish a manifest error of law or fact. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Here, Adams says that I erred in deeming him not "in custody" for purposes of federal habeas eligibility. The Supreme Court has held that a petitioner is not in custody for purposes of federal habeas corpus review once the challenged sentence has fully expired. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). In my prior order, I wrote that because Adams's five-year sentence on the 2009 OWI conviction has presumably expired, Adams cannot challenge that conviction through a habeas petition now.

In response, Adams correctly notes that "a prisoner may challenge a sentence that has already expired if he is currently incarcerated on a term that was imposed consecutively to the expired term." *Miller v. Holder*, 190 F. App'x 487, 488 (7th Cir. 2006) (citing *Garlotte v. Fordice*, 515 U.S. 39, 40 (1995); *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005); *Foster v. Booher,* 296 F.3d 947, 950 (10th Cir. 2002)). Adams says that he is currently serving the last of three consecutive sentences, and is still on supervision regarding his 2009 OWI conviction. So Adams is still in custody on the 2009 conviction, which means that my opinion was incorrect on that point.

But Adams's motion does not adequately address the other reason I dismissed his petition—untimeliness. As I explained in my prior order, a petitioner generally has one year

from the date the challenged conviction becomes final to file a habeas petition under § 2254. 28 U.S.C. § 2244(d). Adams was convicted in 2009, and the one-year limitations period began to run on April 20, 2009, the date the judgment of conviction became final. *See State v. Nickel*, 2010 WI App 161, ¶ 5, 330 Wis. 2d 750, 794 N.W.2d 765. Adams did not file his habeas petition until November 16, 2018, almost nine years too late.

The one-year deadline may be tolled under the doctrine of equitable tolling if a petitioner can show that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Mayberry v. Dittmann*, 904 F.3d 525, 529–30 (7th Cir. 2018). Equitable tolling is rare and "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016); *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2014).

Nothing in Adams's petition, his motion for reconsideration, or the attached materials suggests that Adams pursued his rights diligently yet was thwarted by some "extraordinary circumstance" that prevented him from complying with the limitations period. Adams says that he has struggled with mental health issues for much of his life, and that he is currently undergoing cancer treatment. Dkt. 13, at 2, 4. But these facts do not explain Adams's nine-year delay, nor are they sufficient to invoke the extraordinary remedy of equitable tolling.

Adams also says that he was under the impression that that his "appellate rights" would be held in abeyance until after he completed rehabilitation treatment through an earned release program (ERP). *Id.* at 3. He attaches three ERP memos of agreement that he signed, which indicate that he participated in three ERP treatment programs in 2009 and 2011. *See* Dkt. 13-5–7. Those memos state that participants in the ERP program may "not actively pursue any

appeals on current cases," and "that other cases will need to be held in abeyance" during enrollment in ERP. *Id.* at 2. But the memos did not indicate that Adams's "appellate rights" would be held in abeyance—just that any cases he had pending at the time would need to be held in abeyance while he was completing the program. Even if the memos did somehow toll Adams's appeal window, the ERP programs lasted approximately 180 days each. Adams's misapprehension of the ERP memos does not explain or excuse his nine-year delay.

Habeas petitioners may also avoid application of the one-year time limit by arguing or an equitable exception to § 2244(d)(1) based on a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). But to qualify for this exception, a petitioner must persuade the district court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S 298, 329 (1995). To be "new," the evidence does not need to be "newly discovered," but it must not have been presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015).

Adams says that he is actually innocent of the OWI conviction and that video surveillance footage from the Pick 'n Save where he was arrested that the state failed to preserve would have exonerated him. But according to court documents, the surveillance footage allegedly showed Adams parking and exiting his car and entering the store. Dkt. 1-2, at 2. He was subsequently arrested with his keys in his hand and a blood alcohol content of .256. *Id.* Adams provides no information about why he thinks this characterization of the footage is inaccurate, what he believes the footage would actually show, and why it would be exculpatory. This is not "evidence of innocence so strong" that, upon viewing it, "no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *See House v. Bell*, 547 U.S. 518, 536–

37 (2006). So Adams cannot rely on the actual innocence exception to excuse his untimely petition.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). If a district court dismissed a habeas petition based on procedural grounds without reaching the underlying constitutional claims, then a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

I conclude that no reasonable jurist would disagree that Adams's petition is untimely and that he has failed to show that equitable tolling or an actual innocence exception should apply. Therefore, Adams is not entitled to a certificate of appealability.

5

**B. Motion for leave to proceed *in forma pauperis* on appeal**

Adams requests to proceed *in forma pauperis* on appeal. Dkt. 21. To find that an appeal is in good faith, a court must find that a reasonable person could suppose that the appeal has some merit. *Walker v. O'Brien*, 216 F.3d 626, 631–32 (7th Cir. 2000). I will not certify that Adams's appeal is taken in good faith, because I am convinced that reasonable jurists would not debate the conclusion I reached in my decision to deny Adams's petition as untimely.

Because I am certifying Adams's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $505 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, Adams has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of his request for leave to proceed *in forma pauperis* on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Adams should be aware that he must file these documents in addition to the notice of appeal he has filed previously.

If Adams does not file a motion requesting review of this order, the court of appeals might not address the denial of leave to proceed *in forma pauperis* on appeal. Instead, it may require Adams to pay the entire $505 filing fee before it considers his appeal. If Adams does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that:

1. Petitioner Paul Adams's motion for reconsideration, Dkt. 13, is DENIED.

2. Adams is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

3. Adams's motion to proceed *in forma pauperis* on appeal, Dkt. 21, is DENIED, becuae I certify that his appeal is not taken in good faith. If Adams wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5). The clerk of court is requested to ensure that Adams's obligation to pay the $505 filing fee for the appeal is reflected in this court's financial records.

Entered June 25, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge